IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION



| | | |
|---|---|---|
| SCOTT S. PETERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 14-276 |
| HARGROVE AND | § | |
| ASSOCIATES, INC., | § | |
| | § | |
| Defendant. | § | |

COMPLAINT FOR UNPAID OVERTIME AND ACCRUED
VACATION

Plaintiff, Scott S. Peters, by and through undersigned counsel, states

as follows:

### STATEMENT OF FACTS

1.     This action is brought pursuant to 216(b) of the Fair Labor

Standards Act for unpaid overtime and for breach of contract under Alabama

State law.

2.     Plaintiff accepted employment with Hargrove and Associates,

Inc. (hereafter "Defendant" or "Hargrove") as a Project Manager on

December 27, 2011.

3.     Plaintiff worked full-time for Defendant as a Project Manager until his termination on August 29, 2013.

4.     Defendant advised Plaintiff he was a salaried exempt employee; however, his pay was based on the number of hours he worked. Accordingly, Plaintiff was an hourly, non-exempt employee.

5.     Plaintiff would receive straight time pay for up to 48 hours per week.

6.     If Plaintiff worked in excess of 48 hours, the additional hours were provided as compensatory time.

7.     Any hours Plaintiff worked that were not capable of being billed to a client were not paid.

8.     In the alternative, Plaintiff was paid on a salary basis, with additional incentive compensation for working hours in excess of 40 in a week.

9.     Plaintiff has an exemplary employment record.

10.    Plaintiff's performance was above average.

11.    As a Project Manager, Plaintiff worked in excess of 40 hours in a week for every week in which he was employed and worked as scheduled.

He consistently worked 50 hours per week, with four to five hours a week worked off the clock without pay.

12.     Defendant did not keep records of the actual hours worked by Plaintiff. Plaintiff was never required to punch a time clock while employed by Defendant; instead, he kept a record of his hours for the purpose of billing his time to clients.

13.     Plaintiff did not interview, select, or train employees.

14.     Plaintiff did not set or adjust employees' rates of pay or their hours worked.

15.     Plaintiff did not perform any of the management responsibilities, as delineated in 29 CFR § 501.102.

16.     Plaintiff did not manage a recognized department or sub-division, as delineated in 29 CFR § 501.103.

17.     Plaintiff did not supervise two or more employees or their part time equivalent, as required by 29 CFR § 501.104.

18.     As such, Plaintiff routinely performed work off the clock without pay and without receiving appropriate overtime rates.

19. Under Defendant's vacation/PTO policy within Defendant's employee handbook, and consistent with Plaintiff's offer of employment, Plaintiff was entitled to payment for accrued vacation upon his termination.

20. Defendant no longer had work for Plaintiff and his job was eliminated.

21. Plaintiff did not receive pay for his unused vacation/PTO, in violation of Company policy.

22. Defendant maintains an office at 20 S. Royal Street, Mobile, Alabama 36602.

23. Defendant is engaged in interstate commerce and Defendant's gross revenues exceed $500,000 annually.

<u>JURISDICTION AND VENUE</u>

24. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 2000e and 28 U.S.C. § 1331, 1337, 1343, and 1346. Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331-37.

25. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b)(1) because Defendant resides in this district.

26. All conditions precedent to jurisdiction have been met.

4

## PARTIES

27.     Plaintiff, Scott S. Peters, is an individual residing in Spanish Fort, Baldwin County, Alabama.

28.     Defendant, at all times herein mentioned, conducts business in Alabama and derives substantial revenue from its marketing and distribution efforts in Alabama, and is subject to personal jurisdiction in Alabama. Defendant's registered agent for service of process in Alabama is Ralph A. Hargrove, 20 S. Royal Street, Mobile, Alabama 36602.

## CLAIM FOR RELIEF UNDER THE FAIR LABOR STANDARDS ACT OF 1938

29.     Plaintiff reasserts and incorporates by reference paragraphs 1 thru 23 set forth above as if fully restated herein.

30.     At all time material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

31.     Defendant violated the FLSA by failing to pay overtime compensation to an employee for all hours worked in excess of 40 in a week.

32.     Specifically, Defendant failed to pay Plaintiff overtime for time spent working off the clock during each week.

5

33.    The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce or engaged in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

34.    Defendant was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

35.    Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to the Plaintiff. Accordingly, Plaintiff must be paid overtime pay in accordance with the FLSA.

36.    Defendant's failure to accurately record and pay overtime was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

37.     As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff, for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

38.     Plaintiff is entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard, of whether its conduct was prohibited by the FLSA.

39.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

### BREACH OF CONTRACT

40.     If an employer chooses to pay accrued vacation under the terms of its employee handbook and/or policies, it must comply with those terms. See *Amoco Fabrics and Fibers Co. v. Hilson*, 669 So.2d 832 (Ala. Sup. Ct. 1995); *ISS International Service Systems v. Alabama Motor Express*, 686 So.2d 1184 (Ala. App. 1996).

41.    Defendant's employee handbook and vacation policy requires employees to receive payment for accrued vacation when the employee's job has been eliminated or the employee has lost their job at no fault of their own.

42.    Defendant no longer had work for Plaintiff and Plaintiff was terminated.

43.    Plaintiff did not receive payment for his accrued vacation/PTO at the time he was terminated.

44.    Defendant has breached its contract, express or implied, with Plaintiff by failing to pay her accrued vacation.

## DAMAGES

45.    Plaintiff would show the court he is entitled to payment for his accrued vacation/PTO.

46.    Plaintiff is entitled to recover unpaid overtime related to Defendant's failure to pay him for all hours worked, plus liquidated damages, for the three year period in which he was employed preceding the filing of this Complaint.

47.    Plaintiff is entitled to recover his reasonable and necessary attorney's fees and expenses.

8

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendant and in favor of Plaintiff and:

a) Award Plaintiff the value of his accrued vacation, unpaid overtime and liquidated damages;

b) Award Plaintiff his attorneys' fees, including litigation expenses, and the cost of this action; and

c) Grant such other and further relief as may be just and proper.

Dated:  June 13, 2014                          Respectfully submitted,

ROBERT J. CAMP
rcamp@wcqp.com
**WIGGINS, CHILDS, QUINN
& PANTAZIS, LLC**
The Kress Building
301 19th Street North
Birmingham, AL  35203
(205) 314-0500 -- Phone
(205) 254-1500 – Facsimile