# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SCOTT S. PETERS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:14-cv-00276-WS-N |
| HARGROVE AND ASSOCIATES, INC., | § § § | |
| Defendant. | § | |

**PLAINTIFF'S ANSWERS TO COURT'S INTERROGATORIES**

Plaintiff responds to the Court's Interrogatories as follows:

1. During what period of time were you employed by the defendant?

ANSWER: January 9, 2012 until August 29, 2013.

2. Who was your immediate supervisor?

ANSWER: Steve McClure in 2012 and then Allen Simpson in 2013.

3. Did you have a regularly scheduled work period? If so, specify.

ANSWER: My work period was "as required" in order to support my projects. It was made clear to me by my supervisor after my first week of work that I was paid by the hour and not salary. The place that I worked had a policy that, during project execution, a Field Coordinator or the Project Manager would be present at the plant. This means that my work hours varied to as much as 16 hours per day and weekends as required.

4.  What was your title or position? Briefly describe your job duties.

ANSWER: My title was Project Manager; however, my title of manager was not indicative of my true responsibilities. I had no direct support staff working under my charge. Essentially I gathered, organized, and calculated appropriation requests for funding on behalf of the engineering manager of Honeywell UOP. When I completed my work, I would submit the requests to my direct supervisor. who would edit the request and send it back to me for updating. I would then forward the revised request to the engineering manager at Honeywell and she would edit it and send it back to me for correction. Once updated, the engineering manager would submit the request to her management for approval. Once the request is approved it is a formal project. Subject to my supervisor's approval, I was supposed to schedule contractors to perform the work to complete the project, including engineering drawings. The engineering manager at Honeywell chooses the contractors. I then simply monitored the project to report to my supervision and the supervision at Honeywell the status of the work performed and whether the project was moving according to schedule. I also collected cost information and monitored costs compared to budget in order to report to my supervisors when a project had exceeded budget. I was essentially a liaison between the engineering manager, contractors and my superiors. I presented issues or problems to these individuals, they decided how to resolve the issue, and I communicated the decision to the appropriate individuals for execution. Also, at certain predetermined stages of completion, I generated requests for payment of draws, subject to approval of my supervisor and the engineering manager at UOP.

5.  What was your regular rate of pay?

ANSWER: I earned $45 an hour from January 9, 2012 until March 29, 2013, then $47 an hour from March 30, 2013 until August 29, 2013.

6.  Provide an accounting of your claim, including:

    (a)  Dates

    (b)  Regular hours worked

  (c)  Over-time hours worked

  (d)  Pay received versus pay claimed

  (e)  Total amount claimed

ANSWER: I believe that I am owed for hours worked that were in excess of 40 hours per week that were not paid at the appropriate overtime rate; hours worked overtime that were not paid at all, and all vacation time that was not paid.

  (a)  January 9, 2012 until August 29, 2013;

  (b)  3,353 regular hours

  (c)  570.50 (estimated)[1]

  (d)  I was paid $179,900.50 and claim I should have been paid $205,745.52.

  (e)  570.50 overtime hours broken down as follows:

    66 hours at $70.50 per hour (time and a half) = $4,653.00

    504.5 hours at $23.50 (half time) = $11,855.00

    Vacation/PTO (198.66 hours * $47) = $9,337.02;

  Total = $25,845.02 plus liquidated damages in the amount of $16,508.00 and reasonable attorneys fees and expenses.

7. When did your (or your attorney) first complain to your employer about alleged violations of the FLSA?

---

[1] Unable to determine exactly without review of additional timesheets for 2013.

3

**ANSWER:** I spoke with my employer at the start of 2013 about not being paid for overtime worked.

8. Was this complaint written or oral? (If a written complaint, please attach a copy.)

**ANSWER:** The complaint was oral to my supervisor and Hargrove Owner, Allen Simpson.

9. What was your employer's response? (If a written response, please attach a copy.)

**ANSWER:** I was no longer assigned to the plant full time and was starting to work with other clients and writing proposals. I would routinely work more than 40 hours per week. When I completed my timesheet, I was informed by my supervisor, Allen Simpson (Hargrove Owner), that I would only be paid for overtime hours that were directly billable to a client and would not be paid for hours that were overhead. Overtime hours not billable were recorded on my timesheet, but I was directed to place negative hours in my timesheet to reduce the total number of hours per week. I told him that I did not agree with the policy but that I would comply as directed. My hours that were reduced are in my timesheets; these timesheets were approved by my supervisor and Hargrove Owner, Allen Simpson.

_/s/ Scott S. Peters_
**SCOTT S. PETERS**

////

STATE OF ALABAMA         )
COUNTY OF MOBILE         )

BEFORE ME, the undersigned authority, on this day, personally appeared Scott S. Peters, who being first duly sworn, deposes and says that he read the foregoing Answers to the Court's Interrogatories to the Plaintiff, knows the content of same, and to the best of his knowledge and belief, the same are true and correct.

SWORN TO AND SUBSCRIBED before me this 5th day of August, 2014.

*Angela K Eberhardt*
NOTARY PUBLIC

Print Name: Angela K Eberhardt

Commission Expires:
ANGELA K. EBERHARDT
NOTARY PUBLIC, ALABAMA STATE AT LARGE
MY COMMISSION EXPIRES: 12/17/2014

Dated: August 5, 2014

Respectfully submitted,

/s/ Robert J. Camp
**ROBERT J. CAMP**
rcamp@wigginschilds.com
**WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, AL 35203
(205) 314-0500 – Phone
(205) 254-1500 – Facsimile

5